MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gerald Vaughn Gwen,

               Plaintiff,

v.

Leon Cattolico, et al.,

               Defendants.

No.   CV-24-08023-PCT-JAT (JFM)

**ORDER**

    Plaintiff Gerald Vaughn Gwen, who is confined in CoreCivic's Red Rock Correctional Center, is proceeding in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.  In a May 17, 2024 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim and gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

    On May 23, 2024, Plaintiff filed a Motion for Reconsideration (Doc. 9).  On June 17, 2024, he filed his First Amended Complaint (Doc. 10).  The Court will deny as moot the Motion for Reconsideration[1] and will dismiss the First Amended Complaint with leave to amend.

. . . .

. . . .

---

[1] Plaintiff's Motion for Reconsideration, which seeks reconsideration of the dismissal of Plaintiff's Complaint, is moot because Plaintiff's First Amended Complaint superseded the original Complaint in its entirety.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

JDDL-K

I.      **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines that a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, with leave to amend because it may possibly be amended to state a claim.

## II. First Amended Complaint

In his one-count First Amended Complaint,[2] Plaintiff names as Defendants Dr. Leon Cattolico and Health Services Administrator Becky Payne. Plaintiff raises a claim under the Eighth and Fourteenth Amendments regarding his medical care and seeks declaratory relief and monetary damages.

On November 12, 2020, while confined in the Yavapai County Detention Center, Plaintiff allegedly submitted a health needs request informing medical providers he was experiencing "flu symptoms." (Doc. 10 at 5.)[3] Plaintiff contends Defendant Cattolico assigned a nurse to "evaluate [Plaintiff's] virus symptoms" and designated "the incident" as "high priority" and "an infectious disease." (*Id*.)

The following day, Plaintiff complained to a nurse that he was not receiving "timely or adequate medical care to address his serious flu symptoms." (*Id*.) According to Plaintiff, medical records reflect that Defendant Cattolico "was informed." (*Id*.) Plaintiff made a similar complaint on November 16, 2020. (*Id*. at 6.)

On November 18, 2020, Plaintiff complained to nurses that he was not receiving adequate medical care regarding his flu symptoms, had not been seen by a doctor, was feeling worse, was nauseated, and was unable to eat. (*Id*.) Plaintiff made a similar complaint to a detention officer the following day. (*Id*.) According to Plaintiff, "records indicate" Defendant Cattolico was informed the same day. (*Id*.)

---

[2] Plaintiff's First Amended Complaint contains minor misspellings and misplaced or omitted apostrophes and commas. The Court, when quoting the First Amended Complaint, has corrected these without specifically noting them.

[3] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

1     Plaintiff asserts that on November 19, 2020, Defendant Cattolico authorized the

2   lockdown/quarantine of the unit where Plaintiff was housed.  (*Id*. at 7.)  Plaintiff claims he

3   was not tested to determine if he was infected with the coronavirus, despite Defendants'

4   knowledge that at least seven inmates had tested positive in November and despite

5   Defendant Cattolico authorizing emergency medical treatment for an inmate in the same

6   unit as Plaintiff.  (*Id*.)

7     Plaintiff alleges he complained to a nurse on November 20, 2020, that he was being

8   given medications that were unrelated to his flu symptoms and "not known to treat [the]

9   coronavirus," his grievances about "treatment choices" had gone unanswered, and he had

10   to force himself to eat.  (*Id*. at 6.)  He claims this information was provided to Defendant

11   Payne.  (*Id*.)  Plaintiff also asserts that on November 20, a nurse informed Defendant Payne

12   of Plaintiff's flu symptoms.  (*Id*. at 7.)

13     On November 20, 2020, Plaintiff saw Defendant Cattolico.  (*Id*. at 8.)  Defendant

14   Cattolico allegedly reviewed Plaintiff's "various medical symptoms," including nausea,

15   headaches, shortness of breath, dry mouth, appetite loss, an inability to eat, weight loss,

16   neck pain, shoulder pain, and numbness in his arms and legs.  (*Id*.)  Plaintiff does not

17   identify what Defendant Cattolico did or said at the appointment or what treatments, if any,

18   he prescribed.

19     Plaintiff also claims he was x-rayed on December 4, 2020, for a neck injury.  (*Id*.)

20   According to Plaintiff, on December 7, Defendant Cattolico reviewed the radiologist's

21   report, which "detail[ed] an injury to Plaintiff's cervical spine," but did not discuss the

22   report with Plaintiff.  (*Id*.)  However, that same day, a nurse allegedly "informed Plaintiff

23   of the existence of [the] report."  (*Id*.)

24     Plaintiff alleges he filed a November 4, 2020 grievance regarding "various issues,"

25   including "Defendants' deliberate indifference to his serious medical needs."  (*Id*. at 9.)

26   He claims that although the grievance was assigned to Defendant Payne the same day, she

27   did not respond to it and "releas[ed] the grievance without a response some 11 months

28

later."[4]  (*Id*.)  Plaintiff also asserts he filed a November 25 grievance regarding Defendants' "negligence and deliberate indifference" and the lack of a response to his prior grievances.  (*Id*.)  According to Plaintiff, this grievance was also assigned to Defendant Payne, but she never responded to it.  (*Id*.)  In addition, Plaintiff contends he filed a January 22, 2021 grievance informing Defendants that his cervical spine condition was worsening, he was experiencing spasms, and his pain was so great that he was unable to put on a t-shirt without severe pain.  (*Id*.)  He asserts the grievance was assigned to Defendant Payne four days later, but it was "released without a medical response" in December 2021.  (*Id*.)

Plaintiff claims he was never tested at the Yavapai County Detention Center to determine if he "was positive for COVID-19 virus."  (*Id*. at 10.)  He asserts that when he was transferred to the custody of the Arizona Department of Corrections in March 2021, he tested positive for the antibody indicating a prior COVID-19 infection.  (*Id*. at 7.) Plaintiff also contends that while in the custody of the Arizona Department of Corrections, he was "twice diagnosed with cervical spine convexity . . . or mild torticollis."  (*Id*. at 8.)

According to Plaintiff, he was never "adequately" provided medical treatment for his flu symptoms or cervical spine injury while at the Yavapai County Detention Center.  (*Id*. at 10.)  He contends Defendants knew several inmates at the facility had tested positive for the coronavirus, authorized emergency medical treatment for an inmate in Plaintiff's housing unit, and had "actual knowledge of the excessive dangers of harm attributed to [the] coronavirus, including the possibility of death," but Defendants failed to act on their "knowledge of a subjectively serious medical need," exposed him to an "unnecessary and excessive risk of harm," were "deliberately indifferent toward [his] serious illness and injury," and refused to provide "reasonably necessary medical care, medical treatment, or . . . access to medical services."  (*Id*. at 3, 8, 14).

Plaintiff asserts Defendant Cattolico was aware of an active coronavirus outbreak at the facility; was informed of Plaintiff's flu symptoms, which the Centers for Disease

---

[4] The Court notes that Plaintiff alleges he was last confined in the Yavapai County Detention Center in **February** 2021.  (Doc. 10 at 5.)

Control "list as symptoms requiring immediate emergency medical treatment"; and "failed to act on his knowledge or use sound professional judgment." (*Id*. at 15.)  Plaintiff also claims Defendant Cattolico "intentionally disregarded" the medical report regarding Plaintiff's cervical spine injury and "denied treatment or intentionally avoided treatment of the injury." (*Id*. at 14.)  He contends Defendant Cattolico's failures constitute deliberate indifference, "contributed to [Plaintiff's] ongoing  chronic neck pain," and caused Plaintiff to suffer an "unnecessary and wanton infliction of pain," emotional distress, a loss of sleep, headaches, nausea, and weight loss.  (*Id*. at 14-15.)

Plaintiff alleges Defendant Payne failed to act on her knowledge of an active coronavirus outbreak at the facility and subjected Plaintiff to a "serious and excessive risk of harm" when she intentionally "denied treatment for his illness and injury" and "disregarded Plaintiff's complaints and grievance." (*Id*. at 15.)

**III.    Failure to State a Claim**

Although self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  "A plaintiff must

allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Although Plaintiff was confined in the Yavapai County Detention Center during the relevant timeframe, it appears he was a convicted inmate.[5]  Thus, the Court will evaluate his claim under the Eighth Amendment.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

---

    [5] *See* https://corrections.az.gov/inmate-data-search (search by ADC Number for "332970" and click on "Inmate Info" hyperlink, which reflects Plaintiff was admitted to the custody of the Arizona Department of Corrections on October 23, 2018)) (last visited Sept. 20, 2024); *see also* https://apps.azcourts.gov/publicaccess/minutes.aspx (search "Court" for "Yavapai County Superior" and "Case Number" for "CR 201580451"; click on hyperlink for October 23, 2018 Minute Entry, which reflects Plaintiff was sentenced on October 23, 2018, to concurrent prison sentences, the longest of which was five years) (last visited Sept. 20, 2024).

1    Deliberate indifference is a higher standard than negligence or lack of ordinary due
2    care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross
3    negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F.
4    Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458,
5    460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice"
6    do not support a claim under § 1983).  "A difference of opinion does not amount to
7    deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d
8    240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to
9    state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of*
10   *State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be
11   substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."
12   *Estelle*, 429 U.S. at 105.

13   Plaintiff alleges Defendant Cattolico was aware of a coronavirus outbreak at the
14   facility and Plaintiff's flu symptoms but "failed to act on his knowledge or use sound
15   professional judgment."  However, Plaintiff's allegations suggest Defendant Cattolico was
16   kept abreast of Plaintiff's symptoms, which were reported to him on November 12, 13, and
17   19, 2020, and saw Plaintiff eight days after he first reported his symptoms.  Although
18   Defendant Cattolico may not have ordered "emergency medical treatment" or some
19   unspecified treatment Plaintiff believes he should have received, this does not indicate
20   Defendant Cattolico acted with deliberate indifference. *See Sanchez*, 891 F.2d at 242.
21   Plaintiff's allegations do not support that Defendant Cattolico acted with deliberate
22   indifference to a serious medical need.

23   Plaintiff claims Defendant Cattolico "intentionally disregarded" the medical report
24   regarding Plaintiff's cervical injury and "denied treatment or intentionally avoided
25   treatment of the injury."  However, no underlying factual allegations support Plaintiff's
26   statements that Defendant Cattolico "intentionally disregarded" the medical report,
27   "denied" a treatment Plaintiff requested, or "intentionally avoided" providing treatment.
28   . . . .

Likewise, although Plaintiff alleges Defendant Payne failed to respond to his complaints and grievances, he alleges no facts to support a reasonable inference that her conduct was anything more than negligence or that it caused Plaintiff any injury.

Absent more, Plaintiff's allegations are too vague and conclusory to state a medical care claim against either Defendant.   Thus, the Court will dismiss without prejudice Plaintiff's First Amended Complaint.

**IV.   Leave to Amend**

Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to

do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

**V.     Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Reconsideration (Doc. 9) is **denied as moot**.

(2)     The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 1st day of October, 2024.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $455.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $455 filing and administrative fees or the application to proceed in forma pauperis to:**

1

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                      U.S. District Court Clerk
U.S. Courthouse, Suite 130                                U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10               405 West Congress Street
Phoenix, Arizona   85003-2119                        Tucson, Arizona   85701-5010

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
          A certificate of service should be in the following form:

          I hereby certify that a copy of the foregoing document was mailed
          this _____ (month, day, year) to:
          Name:   _____
          Address:_____
                         Attorney for Defendant(s)

          _____
          (Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed.**   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

**B.   DEFENDANTS**

1.   Name of first Defendant: _____.   The first Defendant is employed as: _____ at _____.
(Position and Title)                                                (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as: _____ at _____.
(Position and Title)                                                (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed as: _____ at _____.
(Position and Title)                                                (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed as: _____ at _____.
(Position and Title)                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.   PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail               ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____ .

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?              ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____ .

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion          ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                        ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?            ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                DATE                                              SIGNATURE OF PLAINTIFF




_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.